No. 40,172

CHARLOTTE COX, et al., *Appellants,* v. CHESTER E. ROBB, et al., *Appellees.*

(302 P. 2d 996)

Opinion filed November 3, 1956.

*George E. Peabody,* of Wichita, argued the cause, and *Eugene G. Coombs, George D. McCarthy, C. H. Morris,* and *Robert F. Bailey,* all of Wichita, were with him on the briefs for the appellants.

*Roetzel Jochems,* of Wichita, argued the cause, and *J. Wirth Sargent,* and *Cecil E. Merkel,* both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by the plaintiffs below in a quiet title action from the judgment of the trial court and the overruling of plaintiffs' motion for new trial. The trial court adjudged plaintiffs' title quieted in certain real estate except as to defendant L. E. Dent, who, the trial court concluded had two easements. We shall refer to the parties as the plaintiffs and the defendants.

A map is included in this opinion for the purpose of clarity. Carl F. N. Clasen and his wife owned the entire tract of land 240 feet by 135 feet facing east on Oliver street in Wichita. There had been some buildings built along the rear with an open area through to Oliver street. These buildings are shown as old buildings on the map. From time to time new buildings were constructed on the front of lots 1 and 3 and appear on the map as a filling station and grocery store. An open area was left between these new buildings and the old buildings.

The pleadings will not be set out since there was a stipulation of facts, a summarization of which shows that on December 1, 1945, the Clasens conveyed the north thirty feet of the east sixty-four feet of lot 5 to Chester E. Robb and Rachel V. Robb, husband

and wife, by warranty deed which in the granting clause provided as follows:

"In addition to the restrictions attached; there will be an open driveway to the West and a fifteen (15) foot open driveway on the North Fifteen (15) feet of the South Thirty (30) feet of Lot Five (5) on South Oliver St. This driveway is to be permanent and for the use of the tennants in the rear of the Lots One, Three, and Five on South Oliver St., Edgetown Park Addition."

We might mention here that the "open driveway to the west" set out above is that part shown on the map as the "Open Area" between the old buildings and the filling station, grocery store, and Dent building, and the fifteen foot open driveway is the east and west area marked Y on the map.

On February 26, 1947, the Clasens granted the Robbs, as joint tenants, an easement which in the part pertinent here provided:

". . . a right of ingress and egress in, over and across Lot 5 . . . for the maintenance, repair and replacement of the existing water, gas, electricity and sewer lines connected with the building now located upon the north 30 feet of the East 64 feet of said Lot 5."

There is no dispute between the parties regarding defendant Dent's easement in the latter grant and we will make no further reference to it herein. The only purpose for setting it out is to keep the sequence of transactions.

On March 7, 1947, the Robbs by warranty deed, which had a provision in the granting clause couched in the same language as the latter easement provided, transferred to L. E. Dent the north thirty feet of the east sixty-four feet of lot 5.

The stipulation further summarily provided that since December 1, 1945, the south thirty feet (X & Y on the map) of lot 5 had been used indiscriminately by the general public as a driveway and in addition, the Robbs, Dent, and the tenants of the Dent building had used the north fifteen foot area (Y on the map) for such purposes as deliveries and for collection of trash and garbage.

It was further stipulated that on December 3, 1949, the Clasens had conveyed by warranty deed the south thirty feet of lot (X & Y and the extended part of X & Y covered by the open area and old buildings on the map), together with other real estate not here involved, to C. E. Cox with no mention having been made of any easement. Plaintiffs are successors to the title of C. E. Cox.

The trial court excepted from plaintiffs' quieted title an easement in Dent over the west fifteen feet of the south thirty feet of lot 5 (Y on the map); plaintiffs filed a motion for new trial on three

Mt. Vernon Road

135'

N

Old Buildings

open Area

Filling Station — Lot 1 — 60'

Grocery Store — Lot 3 — 60'

Dent Building — Lot 5 — 30'

Lot 2 — 60'13'15'

Liquor Store — Lot 7 — 60'

Olive Street

common grounds that the court abused its discretion, the decision was contrary to the evidence, and the decision was based on erroneous rulings. This motion was overruled and judgment was rendered as previously stated herein. This appeal followed.

While the appeal is from the judgment and overruling of the motion for new trial, the parties single out only one question. That is whether Dent and his predecessors in title acquired an easement for use of a driveway over the north fifteen feet of the south thirty feet of lot 5 (Y on the map).

Plaintiffs contend that what was created by the provision in the granting clause of the deed from Clasens to Robbs on December 1, 1945, was at best an attempted easement covering the north fifteen feet of the south thirty feet of lot 5 (Y on the map) in the Clasens' property for the benefit of the Clasens which in no way gave Robbs any rights or benefits. They further contend that a person cannot create an easement in his own land.

Defendants contend the Clasens actually created an easement in the disputed fifteen feet not only for their tenants in the rear buildings but also for the public and for the Robbs which easement in turn was conveyed to defendants. There was no contention that defendants had an exclusive right to use of the fifteen feet of land or that their rights depended on any theory of prescription, as was present in the case of *Transue v. Croffoot*, 179 Kan. 219, 294 P. 2d 216, where a landowner sought to enjoin the closing of a public roadway.

In the Transue case at page 222 we find the age old principle stated that a man is presumed to intend the usual and natural consequences of his acts. In the case now under consideration we find in the stipulation of facts that the fifteen foot area was used by Dent, or his predecessors in title, as a driveway for five years during the Clasens' ownership and for five years during plaintiffs' ownership. Thus no other deduction can be made than that it was the intention of the Clasens to establish the easement for such use.

Both parties cite and rely on statements contained in *Van Sandt v. Royster*, 148 Kan. 495, 83 P. 2d 698, where a sewer pipe was installed across two lots numbered 19 and 20 to service a third lot No. 4 all owned by the same person. A subsequent owner of lot 19, who had no knowledge of the sewer pipe except the plumbing in the house built by a predecessor in title, brought an action to enjoin the use and maintenance of the sewer pipe to lot 19. The

court determined there that a quasi easement existed on the basis that one part of a person's land may be used for the benefit of another part of such land. (p. 499.)

The present case goes even further than the Van Sandt case because here we have an easement provided in the granting clause and a use made thereof which was apparently intended by the grantors and also their successors in title, who are the plaintiffs here. We are not concerned now with what might have happened in some other instances under different facts and circumstances.

When the Clasens provided for a fifteen foot open driveway on the north fifteen feet of the south thirty feet of lot 5, that fifteen feet thereby became the servient tenement and the Robbs' land, later defendants' land, became the dominant tenement.

To follow plaintiffs' theory would necessitate adding to the sentence, following the one just referred to, the word *exclusive*, to make it read:

"This driveway is to be permanent and for the *exclusive* use of the tenants in the rear . . .,"

but this was not what the Clasens said and from what has been previously stated, it is not what was intended.

The only conclusion that can be made in this case is the one reached by the trial court.

The judgment is affirmed.